**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO CESAR NAJERA-MEJIA, AKA Julio Cesar Almedares, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-70032 Agency No. A073-000-124 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Julio Cesar Najera-Mejia, a native and citizen of Honduras, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Tamang v. Holder*, 598 F.3d 1083, 1088 (9th Cir. 2010). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

As to Najera-Mejia's political opinion claim, substantial evidence supports the agency's determination that a fundamental change in circumstances rebuts the presumption of a threat to his life or freedom. *See* 8 C.F.R. § 1208.16(b)(1)(A); *see also Tamang*, 598 F.3d at 1093 (undisputed facts from petitioner's own testimony regarding change of circumstances constituted substantial evidence).

As to Najera-Mejia's claim related to corrupt police officers, substantial evidence also supports the agency's determination that Najera-Mejia failed to establish past persecution or a clear probability of future persecution in Honduras based on his family membership. *See Tamang*, 598 F.3d at 1091, 1094-95 (discussing requirements to establish eligibility for withholding of removal and finding fear of future persecution was not objectively reasonable).

Thus, Najera-Mejia's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Najera-Mejia failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

17-70032

As stated in the court's March 20, 2017 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**